**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. A-11-CR-147 LY** |
| | § | |
| **GARLAND SAVAGE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 29, 2014, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

Mr. Savage was before the Court for a revocation proceeding in June of 2013, and in the undersigned's Report and Recommendation following that proceeding, the history of this case up to that point was set out and will not be repeated here. *See* Dkt. No. 69. In brief, Mr. Savage was sentenced to 18 months in prison and three years of supervised release for being a felon in possession of a firearm. He began supervision on June 12, 2012. By June of 2013, Savage had relapsed into daily heroin use. Savage was directed to admit himself into a detox facility, and while he did so, he appeared to have checked himself out the next day. A warrant was then issued, and the Defendant

was arrested.  After a hearing, the evidence remained unclear regarding what had transpired with the detox and treatment facility, and Savage was given another opportunity to continue on supervision and address his drug problem.  In making this recommendation, the undersigned warned Savage that if he violated his conditions thereafter, "the Court will have no choice but to recommend the revocation of the Defendant's supervised release."

Not long thereafter, on August 6, 2013, Savage was arrested by theTexas Department of Public Safety (DPS) for driving with a suspended license.  The charge was subsequently reduced to a traffic infraction and the defendant was fined $250.  The probation office notified the Court of the arrest and recommended no action be taken.  In early 2014, the Elgin Police Department charged Savage with making a false statement to obtain credit, based on events which took place in December 2013 and January 2104.  Information indicated that an Apple Macbook laptop was reported stolen to Austin Police Department officers, and was then recovered at a pawnshop.  The pawnshop's records reflected that Savage had pawned the laptop in both December 2013 and January 2014, both times signing sworn documents that he was the owner of the laptop.  Ultimately, the Bastrop County Attorney decided not to pursue the charges.  On February 28, 2014, the probation office notified the Court of these events, and recommend no action at that time.

Finally, beginning in June 2014, Savage began submitting urine specimens that were regularly testing positive for opiates.  Savage informed his Probation Officer that he had been taking Hydrocodone and Vicodin pursuant to one or more prescriptions from a physician, to treat either knee or back pain.  At an administrative hearing on July 3, 2014, Savage met with his Probation Officer and a supervisor.  The officer expressed his and the Court's skepticism regarding whether Savage was obtaining the prescriptions in good faith, and instructed Savage that he must inform his

physician of his opiate addiction and obtain a letter from the physician documenting his or her knowledge of this and indicating the physician was prescribing opiates nonetheless. Ultimately, Savage provided the officer two letters from two different physicians stating only that they were prescribing the opiates, with no mention of their knowledge of Savage's past dependance on opiates. On August 24, 2014, the probation officer conducted a random visit to Savage's home, and observed numerous prescription bottles, and from the dates observed that Savage was filling the prescriptions at a rapid rate. For example, a prescription for 150 Hydrocodone pills had been filed less than three weeks earlier and was almost empty. Further, he observed that more than one physician was writing opiate prescriptions for Savage.

Based on this, on October 16, 2014, the Probation Office conducted a search of Savage's residence and vehicle. Upon arrival, officers identified Charles Herndon leaving the residence. Herndon is on federal supervision as a result of a conviction for being a felon in possession of a firearm. He was confronted and stated that he was aware he did not have permission to associate with Savage. Additional information indicated that Savage had visited Herndon at a halfway house. Savage had not received permission to associate with Herndon. The search resulted in discovery of a .380 caliber bullet in a box under his bed, a urine masking agent identified as "U Pass," (a synthetic urine), a bent spoon with opiate residue on it, and a syringe with an unknown residue from the top of his dresser. Additionally, multiple empty bottles of Hydrocodone and Vicodin were seized. Two of the empty bottles had been re-filled within days of each other for quantities of 60 to 120 pills. Further, Savage's cell phone indicated that he was referred to by others with the nickname "Doc."

Based on all of this, on the day of the search, the Probation Office submitted its petition alleging Savage had violated the terms of his supervision, and the undersigned authorized the

issuance of a warrant.  He was arrested on the warrant on the same date, October 16, 2014.  On

October 29, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge.

On the same date, the Defendant and his attorney signed a Consent to Allocution Before United

States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court

held a Supervised Release Revocation Hearing on all of the alleged violation, as the Defendant pled

"Not True" to the Petition.

## II.  FINDINGS OF THE COURT

1.      The Defendant had both a factual and rational understanding of the proceedings

against him.

2.      The Defendant does not suffer from any physical or mental impairment that would

affect his ability to fully understand the charges against him or to assist his counsel.

3.      The Defendant was sane and mentally competent to stand trial for these proceedings.

4.      The Defendant was mentally competent to assist his attorney in the preparation and

conduct of his defense.

5.      The Defendant received a copy of the Petition naming him and he read it.

6.      The Defendant understood the Petition and the charges against him, and had the

opportunity to discuss the Petition and charges with his attorney.

7.      The Defendant voluntarily gave consent to allocute before the United States

Magistrate Judge.

8.      The Defendant violated conditions of his supervised release by: (1) using opiates

without a proper prescription and after failing to follow the instructions of the probation office

4

regarding giving the physicians proper notice of his opiate dependence; (2) associating with a felon without permission; and (3) possessing ammunition.[1]

## III.  RECOMMENDATION

In its Report and Recommendation from last year, the Court stated that if "the District Judge adopts this recommendation, the Defendant will have been given a second chance," and "if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release."  Dkt. No. 69 at 5.  As noted on the record, the Court does not believe that Savage has been honest regarding his opiate usage, and continues to be in denial regarding the extent of his addition and drug problem.  The Court has given Savage every opportunity to address these issues, and to remain on supervision, yet Savage has failed to take advantage of them.

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 10 months of imprisonment, with no supervised release to follow.

---

[1]As noted at the hearing, given the information at the hearing, and giving Savage the benefit of the doubt regarding why he had the one round of .380 ammo, the Court views this violation as primarily technical, and it was not a factor in the recommendation contained herein.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE